

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00091-CR

CHRISTOPHER WAYNE WILDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14492

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Because of a previous conviction, Christopher Wayne Wilder was obligated to properly register as a sex offender. While living in Marion County, Wilder failed to comply with this requirement and was charged with and pled guilty to the offense of failing to comply with sex-offender registration requirements. In accord with a negotiated plea agreement, Wilder was sentenced August 7, 2014, to ten years' imprisonment, but his sentence of imprisonment was suspended, and he was placed on regular community supervision for eight years.[1] Wilder's term of community supervision was short lived because the State filed a petition to revoke it in January 2015, and an arrest warrant was issued the same day.

Wilder entered an open plea of true May 21, 2015, to several of the State's allegations that he had violated the terms and conditions of his community supervision.[2] The plea resulted in the trial court entering a finding that Wilder had violated the terms and conditions of his community supervision; based upon that finding, the trial court revoked Wilder's community supervision, sentenced him to seven years' imprisonment, and ordered him to pay $403.00 in court costs and $750.00 in attorney fees. Wilder appeals from the revocation of his community supervision.

Wilder's appellate counsel filed a brief on July 17, 2015, that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.

---

[1]As a term of his community supervision, Wilder was ordered to pay a $2,500.00 fine, $353.00 in court costs, and $400.00 in court-appointed attorney fees.

[2]A plea of true to even one allegation is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 17, 2015, counsel mailed to Wilder a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Wilder of his right to review the record and file a pro se response. On July 20, 2015, this Court informed Wilder that any pro se response was due August 19, 2015. To date, Wilder has neither filed a pro se response nor has he requested an extension of time in which to do so.

Yet, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We note that the trial court's judgment revoking community supervision ordered Wilder to pay $750.00 in attorney fees for court-appointed counsel. The record establishes that Wilder is indigent. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial

3

resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Wilder had financial resources or was otherwise able to pay the court-appointed attorney fees. While, as a part of a negotiated plea agreement, $400.00 in attorney fees was originally assessed in the judgment placing Wilder on community supervision, the assessment of additional attorney fees incurred during the revocation proceeding was erroneous and should be removed. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We have reviewed the entire appellate record and have independently determined that no reversible error exists.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 825 (Tex. Crim. App. 2005).

Accordingly, we modify the trial court's judgment by deleting from the judgment the $350.00 assessment of attorney fees for the services of appointed counsel incurred during the revocation proceeding.

---

[3]We emphasize that this appeal in no way relates to Wilder's original guilty plea to the offense of failing to comply with sex-offender registration requirements or to the judgment placing him on community supervision that was entered as a result of that guilty plea. Rather, this appeal is limited to a review of the order revoking Wilder's community supervision.

We affirm the trial court's judgment, as modified.[4]

                                              Bailey C. Moseley
                                              Justice

Date Submitted:        September 16, 2015
Date Decided:          September 22, 2015

Do Not Publish

---

[4]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.